[Cite as *State v. Mayle*, 2026-Ohio-3088.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2026-0009 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, Case No. CR2025-0672 |
| LEERON MAYLE, | |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment:  August 11, 2026 |

BEFORE: William B. Hoffman, Craig R. Baldwin, and David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer (Muskingum County Assistant Prosecuting Attorney), Zanesville, Ohio, for Plaintiff-Appellee; April F. Campbell, Dublin, Ohio, for Defendant-Appellant.

*Gormley, J.*

{¶1}    Defendant Leeron Mayle challenges the trial court's decision to impose maximum consecutive prison terms for the four felony offenses to which he pled guilty.  We find no error in the trial court's imposition of maximum sentences on the four charges, and we likewise see no basis for overturning the trial court's order that Mayle serve those sentences consecutively.

**The Key Facts**

{¶2}    In September and October 2025, Mayle and his codefendant took property out of other persons' vehicles in a hotel parking lot in Zanesville, Ohio.  The two of them were soon thereafter indicted on various criminal charges stemming from the alleged thefts.

{¶3}    Weeks later, Mayle pled guilty in the case to four fifth-degree-felony charges: three theft charges and one possession-of-criminal-tools charge.  (He also pled guilty to a pair

of related misdemeanor charges.)  According to the written plea agreement that Mayle signed on the day of his guilty-plea hearing, he agreed that the offenses "do not merge" and also agreed to "the judicial findings necessary for the imposition of consecutive sentences."  The parties jointly recommended that the judge impose an aggregate prison term of 24 months in the case.

{¶4}    Mayle waived any request for a presentence investigation, but the trial judge nonetheless ordered that one be conducted.  At the sentencing hearing held several weeks later once a presentence report had been prepared, the trial judge imposed 12-month prison terms on each of the four F5 charges, and the judge also ordered that Mayle serve those prison terms consecutively for an aggregate prison sentence of 48 months in the case.  (Jail days on the two misdemeanors were imposed concurrently with the prison terms.)

**Mayle's Failure to Object in the Trial Court Limits Our Review of the Sentence Here**

{¶5}    In his one assignment of error, Mayle challenges the trial court's imposition of maximum consecutive sentences.

{¶6}    A defendant may, under R.C. 2953.08(A)(1), appeal a sentence that includes a "maximum definite prison term" for an offense.  But under the (G)(2) provision of that statute, we are permitted to undo a felony sentence if and only if "clear[] and convincing[]" evidence indicates either that the trial court's sentencing-related findings are not supported by the record or that the sentence is "otherwise contrary to law."  R.C. 2953.08(G)(2).

{¶7}    We recently reiterated that a trial court's imposition of a maximum prison term for a felony offense is not contrary to law "'if the sentence is within the statutory range for the offense'" and if the court "'considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.'"

*State v. Deitenbeck*, 2025-Ohio-4487, ¶ 18 (5th Dist.), quoting *State v. Carbaugh*, 2023-Ohio-1269, ¶ 26 (5th Dist.).

{¶8}    With regard to our review of consecutive sentences, the Supreme Court has explained that "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record."  *State v. Gwynne*, 2023-Ohio-3851, ¶ 5 (Kennedy, C.J., with two justices concurring in the opinion and one justice concurring in the judgment).

{¶9}    Before we turn to the merits of Mayle's argument, we note that Mayle did not object at the sentencing hearing once the trial judge announced the sentence.  That misstep now poses a significant hurdle for him because, as we reiterated just last year, "[a]n error 'that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court' is deemed forfeited absent plain error."  *State v. Bright*, 2025-Ohio-725, ¶ 7 (5th Dist.), quoting *State v. Haudenschild*, 2024-Ohio-407, ¶ 15 (5th Dist.). *See also* Crim.R. 52(B) and *State v. Whitaker*, 2022-Ohio-2840, ¶ 166 ("because Whitaker failed to object to the imposition of consecutive sentences at the sentencing hearing, he has forfeited this issue, absent plain error").

{¶10}   After the trial judge announced the sentence in the case and advised Mayle of his right to appeal, Mayle responded that he was not going to appeal and even said aloud that the trial judge "did the right thing."  The judge then asked Mayle's attorney whether any other matters needed to be addressed, and the attorney said that there were none.  That exchange tells us that Mayle was given "a meaningful opportunity to express the concerns that [he] now

raises here." *Bright* at ¶ 9. In light of that fact, and because Mayle did not object to the sentence imposed, we review Mayle's sentence solely for plain error.

**We See No Plain Error in the Sentence**

{¶11} "To constitute plain error, an error 'must be on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection.'" *Id.* at ¶ 10, quoting *State v. Dunlap*, 2004-Ohio-6652, ¶ 34 (8th Dist.). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶12} When imposing sentences on multiple charges, a trial court should start with the presumption that any prison term should be imposed concurrently with any other prison term, unless certain circumstances listed in R.C. 2929.41(A) apply. *State v. Jones*, 2024-Ohio-1083, ¶ 11. A trial court may require a criminal defendant to serve sentences consecutively if the court finds that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and that one of the findings in R.C. 2929.14(C)(4)(a) or (b) or (c) applies. *Id.*, quoting R.C. 2929.14(C)(4).

{¶13} "'[T]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.'" *State v. Johnson*, 2024-Ohio-5274, ¶ 14 (5th Dist.), quoting *State v. Bonnell*, 2014-Ohio-3177, ¶ 28. And the trial judge must make the findings at the sentencing hearing and must incorporate those findings into the sentencing entry, though the

judge "has no obligation to state reasons to support" the findings. *Bonnell* at ¶ 37. When a trial court fails to make the findings required by R.C. 2929.14(C)(4), the sentence imposed is contrary to law. *Id*. at ¶ 34.

{¶14} In this case, a presentence investigation was conducted by the trial court's probation staff, and the resulting presentence report was reviewed by the trial judge and by Mayle's counsel before the sentencing hearing. The record from the sentencing hearing also indicates that the trial judge considered the presentence report when determining the sentence to be imposed.

{¶15} At the sentencing hearing, defense counsel indicated that Mayle was taking responsibility for his actions, was using drugs when he committed the offenses, had been using drugs for quite some time, and desired to receive treatment at some point. Mayle's attorney also acknowledged a lengthy criminal history for Mayle but told the trial judge that the parties had taken that criminal record into account when they jointly recommended an aggregate prison term of 24 months in the case.

{¶16} The trial judge asked Mayle at the sentencing hearing if he had paid any of what the parties had agreed at the guilty-plea hearing was an $8,100 restitution obligation in the case. He had paid none of it, Mayle acknowledged, just as he had paid nothing toward a restitution obligation of more than $1,100 in a 2022 theft case in the same court. The trial judge noted that instead of finding employment to pay that prior restitution order, Mayle had been going out at night and stealing tools from vehicles.

{¶17} When summarizing aloud at the sentencing hearing Mayle's criminal history, the trial judge mentioned that Mayle had been previously convicted on similar charges involving, as in this case, thefts of tools and other personal property from victims' vehicles

and homes. The trial judge then indicated that he was not inclined to follow the joint recommendation of a 24-month prison term, and he instead sentenced Mayle to 12 months in prison on each of the four F5 charges, with those sentences imposed consecutively for an aggregate prison term of 48 months.

{¶18} Mayle contends that maximum consecutive sentences are not warranted in this case because, according to his appellate brief, he "is not one of the 'worst offenders' for whom maximum consecutive sentences are meant to be reserved." In support of that view, Mayle cites a Supreme Court opinion that construed the "purposes and intent of S.B. 2." *State v. Comer*, 2003-Ohio-4165, ¶ 21. In Senate Bill 2 — an overhaul of Ohio's sentencing statutes enacted 30 years ago — R.C. 2929.14(C) was amended to authorize trial courts in felony cases to impose "the longest prison term" allowed by law, but only in those cases where the court had made certain findings, one of which was that the defendant had committed "the worst form[] of the offense." That language that Mayle has now latched onto about the "worst" form of an offense — which again addressed the imposition of the "longest" prison term rather than consecutive prison terms — was stripped from the statute 15 years ago when the General Assembly enacted House Bill 86 in 2011. Because the notion of the "worst form[] of the offense" is no longer part of Ohio's sentencing provisions, Mayle's argument embracing it is a nonstarter.

{¶19} In accordance with Ohio's current statutory provisions on sentencing, the trial judge imposed definite prison terms that are within R.C. 2929.14(A)(5)'s statutory range for fifth-degree-felony offenses. A review of the record from the sentencing hearing also indicates that the trial court properly considered the purposes and principles of felony sentencing listed in R.C. 2929.11 as well as the seriousness and recidivism factors spelled out in R.C. 2929.12.

In short, the trial judge's imposition of maximum prison terms for Mayle's felony offenses is supported by the record and is not otherwise contrary to law.

{¶20} And though Mayle stipulated to the consecutive-sentence findings as part of his plea agreement with the State, the trial judge said aloud at the sentencing hearing his findings that consecutive sentences were necessary to protect the public and punish the offender and were not disproportionate to the seriousness of Mayle's conduct and the danger that he posed to the public. The trial judge also found that consecutive sentences were warranted under R.C. 2929.14(C)(4)(b) because at least two of Mayle's multiple offenses had been committed as part of a course of conduct, and the harm caused by those multiple offenses was so great or so unusual that no single prison term would adequately reflect the seriousness of Mayle's conduct. In addition, the judge mentioned that Mayle's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him.

{¶21} (That last finding — that, in the words of R.C. 2929.14(C)(4)(c), Mayle's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime" by him — was said by the trial judge but does not appear in the sentencing entry. Even so, the judge's alternative sentencing-hearing finding under R.C. 2929.14(C)(4)(b) about Mayle's multiple offenses being part of a course of conduct and about the harm caused by two or more of those offenses being so great or so unusual that no single prison term for any of them would adequately reflect the seriousness of his conduct does appear in the sentencing entry. That alternative finding is sufficient to support the imposition of consecutive sentences in the case, given that R.C. 2929.14(C)(4) simply requires that "any

of the following" — meaning R.C. 2929.14(C)(4)(a) or R.C. 2929.14(C)(4)(b) or R.C. 2929.14(C)(4)(c) — be found by the judge who imposes consecutive sentences.)

{¶22} Given that Mayle and his codefendant committed, over the course of several weeks, a series of thefts of personal property from inside vehicles in the same parking lot, the trial judge's conclusion that the offenses were part of a course of conduct seems appropriate. *See State v. Bates*, 2024-Ohio-2587, ¶ 38 (8th Dist.) ("A 'course of conduct' exists for purposes of R.C. 2929.14(C)(4)(b) where two offenses share some connection, common scheme, pattern[,] or psychological thread that ties them together"), citing *State v. Evans*, 2023-Ohio-3656, ¶ 20 (2d Dist.).

{¶23} As for the trial court's finding that the harm caused by the offenses was — in the words of R.C. 2929.14(C)(4)(b) — "so great or unusual" that no single prison term would adequately "reflect[ ] the seriousness" of Mayle's conduct, the trial judge noted at the sentencing hearing that Mayle had taken tools from work vehicles. The judge commented that Mayle's crimes had deprived the victims of the tools those persons needed to earn a living, and Mayle himself agreed that his restitution obligation for the crimes exceeded $8,000.

{¶24} We see no plain error in the trial judge's R.C. 2929.14(C)(4)(b) course-of-conduct and so-great-or-unusual findings (both of which were made at the sentencing hearing and were incorporated into the sentencing entry), and those findings — along with the judge's additional findings that consecutive sentences were necessary to protect the public from future crime or to punish Mayle and were not disproportionate to the seriousness of his conduct and the danger that he posed to the public — were sufficient to justify Mayle's consecutive sentences.

**{¶25}** For these reasons, the judgment of the Court of Common Pleas of Muskingum County is affirmed. Costs are to be paid by Appellant Leeron Mayle.

By: Gormley, J.;

Hoffman, P.J. and

Baldwin, J. concur.